BENJAMIN GRUBB and others, Heirs, &c. *v.* FRANCIS HENDERSON.

Where the will does not give the seizin of the property to the executor, and he is not shown to have had possession of that which is sued for, he will not be responsible, unless he has neglected to take possession of the estate when entitled to do so ; and in the last case, the heirs have only the right of demanding an account of his executorship, and the delivery of any property in his possession, or any balance due; and this account can only be demanded in the court of probates.

APPEAL from the District Court for the parish of Rapides, *Wilson*, J.

Grubb et al., Heirs, &c. v. Henderson.

This action was commenced in 1834. The plaintiffs allege in their petition that they were decreed by the court of probates for the parish of Rapides to be the legal heirs of Benjamin Grubb, who died possessed of real and personal property, of which a list was annexed; that by a decree of the said court, subsequently confirmed by the supreme court, the defendant was ordered to deliver to them certain notes given by him for the purchase of a tract of land from their ancestor; and that as his heirs they are the owners of said notes. They further allege, that by the said decree the defendant had been ordered to deliver to them all the property of such ancestor, but that he still refused so to do ; that George Gordon Grubb and Manuel Gordon Grubb, in whose favor the notes were executed, had given no consideration for them, and that they were drawn in their favor for the purpose of effecting, illegally, a donation *inter vivos* to the said George and Manuel, who were the illegitimate children of the deceased. The petition concludes with a prayer that the defendant may be ordered to deliver to them the property of their ancestor, and to pay them the amount of the said notes, with damages and costs.

The defendant denied generally the allegations of the petition, and specially that he had any property belonging to the ancestor of the plaintiffs ; he claimed a credit on the notes, and a deduction on account of deficiency in the land for the purchase of which they were given.

A curator *ad hoc* was appointed to represent George Gordon Grubb and Manuel Gordon Grubb.

The case came on for trial at the November term, 1836, *Boyce*, J., presiding. The plaintiffs offered in evidence certified copies of the inventory of the estate of Benjamin Grubb ; the record of the suit of *Grubb's Heirs* v. *Francis Henderson*, before the probate court of the parish of Rapides, admitting them as heirs of Benjamin Grubb; the record of the suit of *Grubb's Heirs* v. *Jane Gordon and others*, before the same court, rescinding the order for the execution of Grubb's will, and declaring the same null and void ; and the dedositions of Maraday Neal and William Dark. The testimony of Neal established the facts, that Jane Gordon, otherwise called Jenny Grubb, lived with the testator at the time of his death and for many years before, as his concubine ; that she was

never considered his wife ; that Manuel Gordon Grubb and George Gordon Grubb were universally regarded as her children, the former by Benjamin Grubb, and the latter by a mulatto slave of said Grubb named Chance. The evidence of Dark proved that he had been sent for by the testator who delivered to him the notes sued for, which had been given by the defendant for the land purchased of testator, stating that he wished one of them to be applied to the payment of his debts, and the others to be given to the two children to whom they were made payable ; that he stated that the notes were drawn in that way that the children might get the money. Dark further testified that the mother of these children was not the wife of Grubb, but lived with him as his concubine ; and that *both* the children were raised by him and claimed as his own.

There was judgment in favor of the plaintiffs for six thousand seven hundred and twenty dollars, with interest, ' without prejudice to the claims set up by the plaintiffs for other amounts besides that of the notes sued on'; and the case was continued, by consent, as to the other demands in the petition. At the November term, 1837, before *Wilson*, J., the counsel of the defendant offered the depositions of Thomas Neal and William Dark to prove that the defendant had never had possession, as executor, of any of the property mentioned in the inventory of Grubb's estate.

This evidence was objected to on the grounds : **1.** That the defendant had, in a suit between the present parties, admitted that he was in possession as executor, and that he could not be permitted to offer parol evidence to contradict his judicial admission. **2.** That the admission of such evidence would have the effect of permitting the defendant to take advantage of his own wrong. **3.** That by law it was the duty of the executor to take charge of all the property of the succession, and not to pay any legacies, though legally made, until all the debts were first paid out of the proceeds of the sale of the movable property. **4.** That the inventory having been made at the request of the executor, and in his presence, the law implied possession, and that the executor cannot be permitted to controvert this unless dispossessed by some *vis major*, and without any fault on his part. These objections were overruled, the depositions admitted, and the plaintiffs excepted.

A copy of the will of Benjamin Grubb, with the order of the

court of probates of the parish of Rapides, admitting the same to record, was offered in evidence by the defendant ; and excepted to by the plaintiffs.

The evidence clearly established that the defendant had never had possession, as executor, of the property mentioned in the inventory : and judgment was rendered that the plaintiff should take nothing further by his suit than had been allowed by the judgment at the November term, 1836, and that the plaintiffs should pay the costs since that judgment, and the defendant those which had previously accrued, or which might grow out of any further proceeding on the first judgment. A motion by the plaintiffs for a new trial was overruled. The plaintiffs appealed.

*O. N. Ogden*, for the plaintiffs.

*Thomas*, for the defendant.

MARTIN, J. The plaintiffs' ancestor being desirous to provide for his natural children and their mother, made a will in their favor, and afterwards being apprehensive that the will might not be carried into effect, sold a tract of land to the defendant, whom he had named as one of his executors, on a credit, and took his notes for the price, in the names of and payable to his natural children. The plaintiffs being dissatisfied with the will, instituted a suit in the court of probates, in which the donation to the natural children was revoked, and they accordingly obtained possession of the notes which the defendant had given to their ancestor for the land, and which had remained in possession of the latter until his death. The object of the present suit is the recovery of the amount of the notes, and the restoration of the personal property of the deceased which still remained in possession of the defendant. In November, 1836, the case was acted upon as far as it related to the notes, and by consent the trial as far as it related to the other claim of the plaintiff was postponed until the following term, when there was a judgment of nonsuit in regard to the latter part of the plaintiffs' claim. In the will the personal property of the plaintiffs' ancestor was given to the mother of his natural children ; it consisted of household furniture, stock, etc. At his death she was permitted by the defendant to retain what was thus left to her, and the defendant never interfered therewith ; the plaintiffs for nearly twelve years made no claim. It does not appear to us that the court erred. The

defendant is not shown to have ever had any part of the property in his possession, he therefore cannot be liable otherwise than if, as executor, he neglected to take possession of the estate, having a right so to do ; and on this hypothesis the heirs have only the right to demand an account of his administration as executor, and the delivery of any property of the estate in his possession, or any balance which may appear due from him ; this account can only be demanded in the court of probates. The will does not give the seizin of the property to the executor.

*Judgment affirmed.*