## No. 1220.

### BELONIE GRANGER, ADM'R, vs. JOSEPH S. REID, ADM'R.

The second administrator of a succession who sues the succession of the first administrator of the same succession for a moneyed judgment for funds alleged to have been received by said administrator and unaccounted, will be successfully met by an exception of no cause of action. His suit should be for an account and not for a moneyed judgment.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read, J.*

---

*G. A. Fournet* and *F. A. Gallaugher* for Plaintiff and Appellant.

*Geo. H. Wells* for Defendant and Appellee.

---

### MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The motion to dismiss this appeal is predicated on an alleged deficient bond of appeal. The bond is in favor of "Thaddeus Mayo, clerk district court," etc., and appellee contends that the description is fatally defective.

The body of the bond contains the statement that the appeal is taken from the District Court of the Parish of Calcasieu, and it thus informs the reader that the bond is in favor of Thaddeus Mayo, clerk of the District Court of the Parish of Calcasieu. A similar bond was held good

by our immediate predecessors in the case of Eschert vs. Harrison, 29 Ann. 860. With them we deprecate and must discourage "this careless and slipshod way of preparing legal papers," but like them we hold the informality is not sufficient to defeat the appellant in his constitutional right of appeal.

The motion to dismiss is, therefore, denied.

## On the Merits.

Plaintiff, as the second administrator of the succession of Emerand Benoist, seeks to recover a moneyed judgment against the succession of David John Reid, who was the first administrator of the Benoist succession, for funds alleged to have been received by D. J. Reid during his administration and not accounted for.

The defense was an exception, containing among other grounds that of no cause of action. The exception was sustained and the plaintiff appeals.

The substantial allegations of the petition are that the first adminis trator, Reid, caused a sale of the succession property to be made on terms—part in cash and on credit—the proceeds of which sale he " collected or ought to have collected and realized," and that he disposed of other property of the succession alleged to be worth a specific amount, for which he is responsible; that out of the funds thus realized he has paid over to the heirs of Benoist the sum of eight hundred and thirty-five dollars, by means of purchases made by said heirs at the succession sale, and that he died without having accounted for the balance of the succession property.

The striking feature of the pleadings is that the defendant succession is to be credited in the sum of $835 to the debit of certain heirs of Benoist, but the names and the number of such heirs is not given, and of course they are not parties to the suit. Hence, they could not be bound by the judgment prayed for, and therefore such a judgment could be no bar to an action by these heirs against the succession of Reid for that very amount. This consideration fairly illustrates the wisdom of the rule of jurisprudence which prescribes that in such cases the action should not be for a moneyed judgment against the unfaithful adminis-trator, but it should be for an account.

In such a proceeding all proper and necessary parties could be brought before the court, and the judgment would be final and binding on all parties in interest. Thomas, adm'r, vs. Bourgeat, ex, 1 Rob. 4; Succession of L. A. Rachal, 12 Ann. 717.

The wisdom of the rule is further illustrated by the fact that in his petition plaintiff does not, as he could not, allege that Reid had received a definite amount of succession funds, but his allegation is qualified by the significant averment that a specific amount was due and that the administrator ought to have collected the same. We note also that plaintiff does not allege that the sum of $835 is the only credit to which the former administrator is entitled, but he specially anticipates that he may be entitled to further credits and reserves his right therefor.

It is therefore clear to our minds that all the allegations of plaintiff's petition, even taken as true, could not justify a moneyed judgment for any specific amount against the succession of David J. Reid, but that they could at most justify an action for an account, by means of which the matters vaguely alleged could be adjusted with legal certainty.

The exception was, therefore, properly taken and correctly sustained.

Judgment affirmed.